UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Renee Booth, et al., | No. 2:19-cv-01612-KJM-CKD |
| Plaintiffs, | ORDER |
| v. | |
| United States of America, | |
| Defendants. | |

    This is a medical malpractice case related to the care of K.C., a minor. *See generally* Compl., ECF No. 1.  The parties have reached a proposed settlement agreement. *See* Mot. Appoint Guardian at 2, ECF No. 31.  The plaintiffs now ask the court to appoint Chip Evans as guardian ad litem of K.C. *See generally id.*  According to their motion, Evans "is an attorney and has considerable experience in serving as guardian for these types of cases.  He is also board certified by the Texas Board of Legal Specialization." *Id.* at 3.  The United States does not oppose this motion. *See id.*

    "A minor . . . who does not have a duly appointed representative may sue . . . by a guardian ad litem.  The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor . . . who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).  A guardian ad litem must "be truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990); *Coal. of Clergy,*

*Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1161 (9th Cir. 2002). The court considers whether the proposed guardian ad litem has an "impermissible conflict of interest" with the minor plaintiff and the proposed guardian's "experience, objectivity, and expertise, . . . or previous relationship" with the minor plaintiff." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (internal quotation marks and citations omitted). To make this assessment, courts commonly require a declaration by the proposed guardian. *See, e.g.*, *Watson v. Cty. of Santa Clara*, 468 F. Supp. 2d 1150, 1155 (N.D. Cal. 2007) (requiring "a written declaration that the proposed guardian ad litem is independent and would act in the best interests of the minors").

The plaintiffs have not filed a declaration by the proposed guardian, and the court cannot independently confirm that he is qualified, experienced, and faces no conflicts of interest. The motion to appoint Evans as a guardian ad litem (ECF No. 31) is thus **denied without prejudice** to renewal with evidence to support his appointment.

IT IS SO ORDERED.

DATED: August 30, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE