David E. Smith
Smith Zitano Law Firm
641 Fulton Avenue, Suite 200
San Diego, California 95285
Telephone: 916-333-5933
Facsimile: 916-333-5338

LAURIE HIGGINBOTHAM, *pro hac vice*
Texas State Bar Number: 50511759
TOM JACOB, *pro hac vice*
Texas State Bar Number: 24069981
Whitehurst, Harkness, Brees, Cheng, Alsaffar, Higginbotham, & Jacob, PLLC
1114 Lost Creek Blvd., Ste. 410
Austin, Texas 78746
Telephone: 512-476-4346
Facsimile: 512-476-4400

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENEE BOOTH and BRADLEY CONVERSE, JR. individually and as next friends of K.C., a minor<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendants. | No. 2:19-cv-01612-KJM-CKD<br><br>**DECREE OF COURT ESTABLISHING THE K.C. SPECIAL NEEDS TRUST** |

**DECREE OF COURT ESTABLISHING**
**THE K.C. SPECIAL NEEDS TRUST**

On this day came on to be heard the Application to Establish the K.C. Special Needs Trust for the sole benefit of K.C., a minor and a disabled person as defined in

the Social Security Act, Section 1614(a)(3), 42 United States Code Section 1382c(a)(3) (hereinafter K.C. is referred to as the "***Beneficiary***"), pursuant to 42 United States Code Section 1396p(d)(4)(A), as amended August 10, 1993, by the Revenue Reconciliation Act of 1993, Pub. L. 103-55, filed by Renee Booth and Bradley Converse, Jr., as next friends of the Beneficiary, and Walter Philmore "Chip" Evans IV, as guardian *ad litem* for the Beneficiary (hereinafter Renee Booth, Bradley Converse, Jr., and Walter Philmore "Chip" Evans, IV, in the capacities indicated, are sometimes collectively referred to as the "***Applicants***"), and the Court proceeded to hear the application upon a finding that due and proper notice of the application and hearing on the application have been given to all interested persons, and that the parties and all persons necessary for jurisdiction have appeared in person or by attorney.

The Court, having heard the evidence and having reviewed the application and the other documents filed herein, finds that it has jurisdiction and venue over the persons and subject matter of this proceeding; that all proceedings have been lawful and proper; that the Beneficiary is a minor and a disabled person as defined in the Social Security Act, Section 1614(a)(3), 42 United States Code Section 1382C(a)(3) who is represented by next friends; that that there is no court-appointed guardian of the estate of the Beneficiary, and there is no proceeding pending for the appointment of such guardian; and that it would be in the best interest of the Beneficiary for this Court to enter an order and decree establishing a special needs trust for the sole benefit of the Beneficiary as specified in 42 United States Code Section 1396p(d)(4)(A), as

amended August 10, 1993, by the Revenue Reconciliation Act of 1993, Pub. L. 103-55.

It is, therefore, ORDERED by the Court as follows:

1.  The Court hereby establishes the K.C. Special Needs Trust for the sole benefit of the beneficiary pursuant to 42 United States Code Section 1396p(d)(4)(A), as amended August 10, 1993, by the Revenue Reconciliation Act of 1993, Pub. L. 103-55.

2.  A portion of the settlement proceeds allocated for the benefit of the Beneficiary, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended, shall be delivered to Capital First Trust Company (the "***Trustee***"), as Trustee of the K.C. Special Needs Trust, to be held and administered by the Trustee as provided in this decree and the trust established by this decree.

3.  The Trustee shall hold, invest, administer, and distribute the funds as a special needs trust having the terms and provisions set forth in the trust agreement establishing the K.C. Special Need Trust which is attached hereto, designated **Exhibit "A"**, and incorporated by reference into this decree.

4.  The Trustee shall be entitled to receive for its services a fair and reasonable compensation not exceeding the Trustee's regularly published fee schedule for such services and shall be reimbursed for all reasonable expenses incurred in connection with the administration of the trust.  The Court hereby prospectively approves the Trustee's fees for as long as those fees do not exceed the Trustee's regularly published

fee schedule; provided that the Court may review any future Trustee's fees at any time and from time to time on the Court's own motion or upon the motion of the Trustee or any other party interested in the welfare of the Beneficiary, and upon a hearing of the matter, the Court shall take any action with respect to such fees as the Court may deem appropriate.

SIGNED this 11th day of January, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE

**APPROVAL AS TO FORM AND SUBSTANCE
AND ENTRY REQUESTED:**

/s/ Walter P. "Chip" Evans, IV
WALTER PHILMORE "CHIP" EVANS, IV
State Bar No. 24002068
EVANS & HERLIHY
4407 Bee Caves Road, Suite 611
Austin, Texas 78746
Telephone: (512) 732-2727
Facsimile: (512) 732-2731
Guardian Ad Litem for K.C., a Minor

/s/ Laurie M. Higginbotham
LAURIE HIGGINBOTHAM, *pro hac vice*
Texas State Bar Number: 50511759
TOM JACOB, *pro hac vice*
Texas State Bar Number: 24069981
Whitehurst, Harkness, Brees, Cheng, Alsaffar, Higginbotham, & Jacob, PLLC
1114 Lost Creek Blvd., Ste. 410
Austin, Texas 78746
Telephone: 512-476-4346
Facsimile: 512-476-4400

Attorneys for the Plaintiff